■ FRANK LAURO, Respondent, v. VILLAGE OF PORT CHESTER, Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment of the County Court, Westchester County, entered on a verdict of a jury in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ JOHN J. McCARTHY, Appellant, v. FRED S. CAREY et al., Constituting the Civil Service Commission of the City of Yonkers, et al., Respondents, and WILLIAM POLSEN et al., Intervenors-Respondents.— Action for a judgment (1) declaring a list of eligibles for the position of captain in the Bureau of Police, Department of Public Safety of the City of Yonkers, to be void, and (2) enjoining certification and appointment of eligibles from the list, on the ground that the competitive examination from which the list resulted was held at a time when there was no vacancy for the position, in violation of the Civil Service Law and the rules of the respondent civil service commission. The appeal is from a judgment entered on stipulated facts declaring, *inter alia*, said examination and list to be valid, and denying the relief prayed for in the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ. [8 Misc 2d 579.]

■ GERTRUDE MOSTROTOTARO, as Administratrix of the Estate of FRANK MOSTROTOTARO, Deceased, Plaintiff, v. SEAS SHIPPING CO., INC., et al., Respondents, and BEARD'S ERIE BASIN, INC., Appellant.— Action to recover damages for wrongful death and for conscious pain and suffering against Beard's Erie Basin, Inc., the owner of a dock where the intestate received injuries causing his death, Seas Shipping Co., Inc., and Robin Line, the alleged lessees of said dock. Beard's Erie Basin served a cross complaint for judgment over against Seas Shipping alleging that it was actively negligent. The trial court, at the end of the entire case, dismissed the complaint as against Seas Shipping and Robin Line and also dismissed the cross complaint. The jury thereafter rendered a verdict in favor of plaintiff against Beard's Erie Basin. Beard's Erie Basin appeals, as limited by its brief, only from that part of the judgment which dismissed its cross complaint. Judgment, insofar as appealed from, unanimously affirmed, with one bill of costs to respondent Seas Shipping Co., Inc. In our opinion, the cross complaint was properly dismissed, as there was no proof of any actionable negligence on the part of respondent Seas Shipping which was a proximate cause of the accident. Furthermore, even if it be assumed that the accident was caused by the active negligence of one Fesser, as claimed by appellant, said respondent would not be liable therefor since the record demonstrates conclusively that Fesser was not the employee of said respondent (cf. *McNamara* v. *Leipzig*, 227 N. Y. 291, 295–296; *Bartolomeo* v. *Bennett Contr. Co.*, 245 N. Y. 66) but was the employee of an independent contractor, and that danger was not inherent in his work or reasonably to be anticipated (cf. *Hyman* v. *Barrett*, 224 N. Y. 436; *Kagan* v. *Avallone*, 243 App. Div. 437; *May* v. *11½ East 49th St. Co.*, 269 App. Div. 180, affd. 296 N. Y. 599). Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.