■ SALEH M. NIZAMUDDOWLAH, Respondent, v BENGAL CABARET, INC., et al., Doing Business as NIRVANA RESTAURANT, Appellants.—In an action to recover wages and liquidated damages, defendants appeal from a judgment of the Supreme Court, Queens County, entered December 8, 1977, which is in favor of plaintiff, after a nonjury trial. Judgment affirmed, with costs. Plaintiff, a Bangladesh national, entered the United States on a tourist visa on September 17, 1972, the arrangements for his entry and flight having been made by defendant Wadud. The day after his arrival, plaintiff began work as a waiter at Wadud's restaurant. Plaintiff made several requests for wages and was given various excuses. In addition, he asked defendant Wadud about obtaining a "green card" to allow him permanent resident

status. Wadud assured him that his attorney would handle it. Eventually, plaintiff obtained a "green card" by his own efforts. In May, 1974 plaintiff left Wadud's employ, still unpaid, and subsequently commenced an action to recover wages under the Minimum Wage Act (Labor Law, § 650 *et seq.*). In their answer, defendants denied employing plaintiff as a waiter; they raised as a defense at the trial, the illegality of plaintiff's labor during most of the period involved. Plaintiff's status as an illegal alien for part of the period of his employment does not preclude him from recovery under the Minimum Wage Act. The statute does not define "employee" to exclude aliens and there is no indication in the statement of legislative intent that it was intended to protect American workers only. Since plaintiff is a protected person, once he established the facts of his employment and the failure to pay wages, he was entitled to recover. In addition, recovery must be permitted in order to prevent the unjust enrichment of the defendants. Even illegal aliens have the right to pursue civil suits in our courts (*Catalanotto v Palazzolo,* 46 Misc 2d 381), and the practice of hiring such aliens, using their services and disclaiming any obligation to pay wages because the contracts are illegal is to be condemned. The law provides penalties for aliens who obtain employment in contravention of their visa obligations, but deprivation of compensation for labor is not warranted by any public policy consideration involving the immigration statutes. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur. [92 Misc 2d 220.]