■ WILLIAM ZAVESKY et al., Respondents, v DECATO BROTHERS, INC., et al., Respondents, and ALEX PEARSON et al., Appellants. [636 NYS2d 419] —In an action to recover damages for personal injuries, etc., the defendants Alex Pearson and Linda Pearson appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 24, 1994, as denied that branch of their motion for summary judgment which was to dismiss the plaintiffs' complaint and all cross claims asserted against them insofar as based upon an alleged breach of Labor Law § 200.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion of the defendants Alex Pearson and Linda Pearson which was to dismiss the plaintiffs' complaint and all cross claims asserted against them insofar as based upon an alleged breach of Labor Law § 200 is granted, and those portions of the complaint and cross claims are dismissed.

In June 1989, the appellants, Alex and Linda Pearson, hired the plaintiff William Zavesky to assemble a Timberpeg modular home kit on their property in Patchogue, New York. When the kit was delivered from the manufacturer on the morning of June 8, 1989, Mr. Zavesky climbed onto the delivery truck to begin unloading building materials. After stepping onto a bundle of lumber which had been wrapped together in brown paper, Mr. Zavesky fell and sustained personal injuries. According to Mr. Zavesky, the lumber on the truck was unevenly bundled together and created "voids" which caused his fall. Following the accident, the plaintiffs commenced this action alleging, *inter alia,* that the appellants had violated Labor Law § 200, which codifies the common-law duty of a landowner to provide workers with a reasonably safe place to work *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299; *Lombardi v Stout,* 80 NY2d 290).

The appellants contend that the Supreme Court erred in denying the branch of their motion which was for summary judgment dismissing the plaintiffs' complaint and all cross claims asserted against them insofar as based upon an alleged breach of Labor Law § 200. We agree. As codified by Labor

Law § 200, the common-law duty owed by a landowner to laborers will not give rise to liability unless the property owner had constructive or actual knowledge of the dangerous condition *(see, McGuiness v Contemporary Interiors,* 205 AD2d 739; *Beckford v Canessa,* 205 AD2d 655; *Leon v Peppe Realty Corp.,* 190 AD2d 400). Moreover, an owner's duty to provide a safe workplace will not extend to injuries arising from a defect in the contractor's own methods unless the owner exercised some supervisory control over the operation *(see, Lombardi v Stout, supra; McGuiness v Contemporary Interiors, supra).* Here, in support of their motion for summary judgment, the appellants submitted evidence establishing that they had no actual or constructive notice of the dangerous manner in which the truck was allegedly loaded and that they exercised no supervisory control over the construction project or the unloading of the truck. Under these circumstances, the branch of the appellants' motion which was for summary judgment dismissing the plaintiffs' complaint and all cross claims asserted against them insofar as based upon an alleged breach of Labor Law § 200 should have been granted. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.