■ ROBERT SNIADECKI et al., Appellants, v WESTFIELD CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendant. [708 NYS2d 209] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiffs' motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) and to strike all affirmative defenses alleging the culpable conduct of Robert Sniadecki (plaintiff). The risks addressed by the statute are those " 'specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured' " (*Melber v 6333 Main St.*, 91 NY2d 759, 763, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Here, plaintiff was standing on a 10-foot stepladder using a torch to cut pipe that ran along the ceiling, about 12 feet from the floor. Plaintiff was injured when an inadequately secured section of pipe swung down, striking plaintiff and the ladder and knocking plaintiff off the ladder to the floor. Plaintiffs met their initial burden of establishing as a matter of law that the injury was caused by the lack of enumerated safety devices, the proper placement and operation of which would have prevented the pipe from falling on plaintiff and plaintiff from falling off the ladder (*see, Stang v Garbellano*, 262 AD2d 853; *Panattoni v Inducon Park Assocs.*, 247 AD2d 823; *Severino v Schuyler Meadows Club*, 225 AD2d 954, 956). Defendants Westfield Central School District and Buffalo Sheet Metal., Inc. failed to raise a triable issue of fact concerning whether plaintiff's actions were the sole proximate cause of the accident (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875; *Karas v Corning Hosp.* [appeal No. 1], 262 AD2d 1039; *Sopha v Combustion Eng'g*, 261 AD2d 911, 911-912). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.