■ FRANCESCO MANGIONE et al., Respondents, v FLORENCE SMITH, Appellant, et al., Defendants. [754 NYS2d 330] —In an action to recover damages for personal injuries, etc., the defendant Florence Smith appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated October 4, 2001, as granted the plaintiffs' cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied that branch of the motion made by her and the defendant Hedwig Ligarzewski which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion, and (2) by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the plaintiffs' common-law negligence and Labor Law § 200 causes

of action insofar as asserted against the appellant and substituting therefore a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff Francesco Mangione was installing a fire escape leading from the third floor to the second floor of the exterior of a building owned by the appellant. He was injured when he stepped forward into the fire escape stairway and fell down those stairs.

In support of their cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), the plaintiffs alleged that the appellant failed to provide any safety devices. The appellant's proof in opposition thereto was sufficient to show the existence of a factual question as to whether or not proper safety devices were provided but that the injured plaintiff had acted as a recalcitrant worker and deliberately failed to use them. Thus, summary judgment against the appellant should have been denied (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320).

However, after the appellant established her prima facie entitlement to summary judgment dismissing the plaintiffs' common-law negligence and Labor Law § 200 claims, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the appellant directed the activities that led to Francesco Mangione's injuries or had actual or constructive notice of the alleged dangerous condition (*see Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464). Consequently, the appellant was entitled to summary judgment dismissing the plaintiffs' common-law negligence and Labor Law § 200 claims insofar as asserted against her.

The appellant's remaining contention is without merit. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.