■ PETER DECKER, Appellant, v C & S WHOLESALE GROCERS, INC., Respondent. [786 NYS2d 328]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 28, 2003, which granted the defendant's motion for summary judgment dismissing the complaint, and denied his cross motion for leave to amend the complaint to add a cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The defendant met its burden of demonstrating entitlement to judgment as a matter of law and the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The risk inherent in the plaintiff's conduct, that a stack of boxes filled with paper products would collapse under his weight, was readily observable to a worker of the plaintiff's experience (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]). Further, the defendant demonstrated that it neither exercised supervision and control over the plaintiff's work, nor had actual or constructive knowledge of an unsafe condition (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712 [2000]; *Zavesky v DeCato Bros.*, 223 AD2d 642, 642-643 [1996]). The plaintiff failed to raise a triable issue of fact in response. The Supreme Court therefore properly granted summary judgment to the defendant dismissing the cause of action alleging negligence and violation of Labor Law § 200 (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Mangione v Smith*, 301 AD2d 635 [2003]).

The Supreme Court also properly declined to allow the plaintiff to amend his complaint to plead a cause of action pursuant to Labor Law § 240 (1). The plaintiff was not engaged in a covered activity at the time of the accident (*see Jock v Fien*, 80 NY2d 965 [1992]; *Pavlou v City of New York*, 300 AD2d 120 [2002]; *Parot v City of Buffalo*, 174 AD2d 1034 [1991]; *cf. Sinzieri v Expositions, Inc.*, 270 AD2d 332 [2000]; *Bockmier v Niagara Recycling*, 265 AD2d 897 [1999]). Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.