■ Luis Romero, Respondent, v John's Fruits and Vegetables, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants. V & L Construction Corp. et al., Third-Party Defendants-Respondents. [804 NYS2d 772]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 8, 2003, as granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted the separate motion of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the separate motion of the third-party defendants and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants third-party plaintiffs, and one bill of costs to the defendants third-party plaintiffs, payable by the third-party defendants, and the third-party complaint is reinstated.

The plaintiff allegedly sustained personal injuries when he fell from a horizontal beam, on which he was walking, while performing construction work at premises owned by the defendants. It is undisputed that the defendants failed to provide any safety devices at the construction site, which established a prima facie case that they violated Labor Law § 240 (1) (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523 [1985]). Contrary to the defendants' contentions, the plaintiff's status as an illegal alien does not constitute a bar to his recovery under Labor Law § 240 (1) (*see Mazur v Rock-McGraw, Inc.,* 246 AD2d 515 [1998]; *see also Majlinger v Cassino Contr. Corp.,* 25 AD3d 14 [2005]; *Nizamuddowlah v Bengal Cabaret,* 69 AD2d 875 [1979]), nor did the defendants present any other claims which raise a triable issue of fact as to the plaintiff's entitlement to recover under the statute. Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

The third-party defendants failed to show good cause for their lengthy delay in moving for summary judgment dismissing the third-party complaint (*see Brill v City of New York,* 2 NY3d 648 [2004]). Therefore, their motion, although decided before *Brill v City of New York* (*supra*), should have been denied. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.