■ Nelson Rosendo Cordova et al., Respondents, v 360 Park Avenue South Associates et al., Defendants and Third-

Party Plaintiffs-Appellants. FORTUNE INTERIOR DISMANTLING CORP., Third-Party Defendant-Respondent. [823 NYS2d 435]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 24, 2004, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and denied those branches of their cross motion which were for summary judgment dismissing that cause of action and the plaintiffs' claim for unearned lost wages.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

The plaintiff Nelson Cordova (hereinafter the injured plaintiff) was an employee of a company hired to perform demolition work on a building being renovated. He was instructed to cut a pipe which extended from the ceiling on the ninth floor of the building, and was injured when the severed pipe struck the ladder on which he was standing, causing him to fall.

Under these circumstances, the court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The plaintiff established a prima facie case of liability (*see Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Sniadecki v Westfield Cent. School Dist.*, 272 AD2d 955 [2000]; *Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]). In opposition, the defendants failed to raise a triable issue in support of their allegation that the accident was caused by the injured plaintiff's own negligence (*see Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879 [2006]; *cf. Plass v Solotoff*, 5 AD3d 365, 366-367 [2004]).

Contrary to the defendants' contention, the injured plaintiff's status as an illegal alien does not bar his claim for lost wages under the Labor Law (*see Balbuena v IDR Realty LLC*, 6 NY3d 338 [2006]; *Romero v John's Fruits & Vegetables, Inc.*, 23 AD3d 364 [2005]).

The Supreme Court did not determine those branches of the

defendants' motion which were for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6). Thus, we do not address the defendants' contentions regarding that issue, as that branch of the cross motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.