■ MICHAEL FORD, Respondent, v HRH CONSTRUCTION CORP. et al., Appellants. [838 NYS2d 636]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 5, 2006, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) claim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against the defendants 14th Street Associates, L.P., First Sterling Corporation, West Realty Co., L.L.C., and OTR, an Ohio general partnership, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a construction worker, allegedly was injured when he fell from the top of wooden cross braces. The cross braces secured 10-foot high stacks of curtain wall panels located on the platform of a flatbed truck. The truck's platform, in turn, was approximately 4½ feet above the ground.

At the time of his fall, the plaintiff was unloading the curtain wall panels, which were being installed onto the facade of a building, from the stacks on the platform of the flatbed truck. The plaintiff had to attach straps to each individual panel so that each panel could be hoisted up from the top of the stack for installation. The plaintiff had not been given a ladder or other safety device to reach the top of the stack. In order to reach the top of the stack, he pulled himself up onto the flatbed and climbed the wooden cross braces located at the ends of each stack.

The panel stacks and the truck allegedly were slippery from rain that had fallen the previous night. As the plaintiff reached the top of the panel stack and was lifting his leg onto the uppermost panel, he slipped and fell to the ground, sustaining injuries.

Contrary to the defendants' contention, the plaintiff's injury was caused by his falling from a height while performing an activity covered by Labor Law § 240 (1) (*see Curley v Gateway Communications*, 250 AD2d 888, 890 [1998]; *Cox v LaBarge Bros. Co.*, 154 AD2d 947 [1989]; *cf. Jacome v State of New York*,

266 AD2d 345 [1999]; *Tillman v Triou's Custom Homes*, 253 AD2d 254, 257 [1999]). Since the defendants failed to supply any safety device to the plaintiff, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) claim (*see Romero v John's Fruits & Vegetables, Inc.*, 23 AD3d 364 [2005]; *Reinoso v Ornstein Layton Mgt., Inc.*, 19 AD3d 678 [2005]; *cf. Mangione v Smith*, 301 AD2d 635 [2003]).

The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against the defendant HRH Construction Corp. (hereinafter HRH), the owner's construction manager. In response to HRH's showing of its entitlement to judgment as a matter of law, the plaintiff demonstrated the existence of issues of fact as to whether HRH exercised supervision and control over the plaintiff's work and work site, and whether HRH had actual or constructive notice of the hazardous condition. Accordingly, HRH was not entitled to summary judgment on those claims (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]).

The Supreme Court, however, should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as they were asserted against the defendants 14th Street Associates, L.P., First Sterling Corporation, West Realty Co., L.L.C., and OTR, an Ohio general partnership (hereinafter the defendant property owners). The defendant property owners made a prima facie showing that they did not control the plaintiff's work, were not present on site, were not told of the lack of an appropriate safety device, nor were made aware of the slippery conditions due to rain. In response, the plaintiff testified that he told only a second-in-command foreman, as well as a shop steward, about the slippery conditions, neither of whom are, according to the evidence, affiliated with any of the owners. This was insufficient to raise a triable issue of fact (*see Rizzuto v L.A. Wenger Contr. Co., supra; Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Lara v Saint John's Univ.*, 289 AD2d 457 [2001]).

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.