◼ MARY JANE MONAHAN, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [851 NYS2d 586]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated August 16, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On October 18, 2004 the plaintiff was employed as a physical education teacher at Edward R. Murrow High School in Brooklyn, operated and maintained by the defendant New York City Department of Education, an agency of the defendant City of New York (hereinafter collectively the defendants). The plaintiff alleges that after adjusting a volleyball net that was improperly set up by another physical education teacher, she stepped back from the base of the pole from which the net was hanging and came in contact with a wheel attached to the base of the pole, causing her to fall and twist her ankle.

The plaintiff commenced the instant action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff was injured while performing a task inherent in her employment, that they did not breach any duty owed to the plaintiff, and that any such breach would not have been a

proximate cause of the plaintiff's injuries in any event. In opposition, the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court denied both the motion and the cross motion. The defendants appeal from so much of the order as denied their motion. We reverse.

The duty of an employer to provide its employees with a safe place to work (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]; *Hess v Bernheimer & Schwartz Pilsener Brewing Co.*, 219 NY 415, 418 [1916]; *Anderson v Bush Indus.*, 280 AD2d 949, 950 [2001]), "does not extend to hazards which are part of or inherent in the very work which the [employee] is to perform [nor] . . . 'to secure the safety of [an employee] against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the [employee]' " (*Gasper v Ford Motor Co.*, 13 NY2d at 110, quoting *McLean v Studebaker Bros. Co. of New York*, 221 NY 475, 478 [1917]; *see Decker v C & S Wholesale Grocers, Inc.*, 13 AD3d 573 [2004]; *Panetta v Paramount Communications*, 255 AD2d 568 [1998]; *Meyers v City of New York*, 230 AD2d 691, 693 [1996]).

Applying these principles to the matter at bar, the defendants established their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the plaintiff sustained her injuries while performing a task inherent to her employment (*see Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 327 [2006]; *Bombero v NAB Constr. Corp.*, 10 AD3d 170, 172 [2004]; *Marku v Moore Capital Mgt.*, 7 AD3d 443, 444 [2004]; *Polgano v New York City Educ. Constr. Fund*, 6 AD3d 222 [2004]; *Akinwande v City of New York*, 260 AD2d 586, 587 [1999]; *Meyers v City of New York*, 230 AD2d at 693). In any event, the alleged "defect[ ] [or] risk[ ]" which caused the plaintiff to fall, and which was inherent in her conduct, was an open and obvious condition that could have been "readily observed by the reasonable use of her senses" (*Gasper v Ford Motor Co.*, 13 NY2d at 110; *see Decker v C & S Wholesale Grocers, Inc.*, 13 AD3d at 573), and was not inherently dangerous as a matter of law. Moreover, there was no claim by the plaintiff that the wheel upon which she fell was defective or out of place.

In opposition to the defendants' summary judgment motion, the plaintiff failed to raise a triable issue of fact. In particular, she contended that the defendants had prior knowledge that another physical education teacher routinely and improperly erected the volleyball nets, making it unsafe for students to play, and compelled her to make repairs to the net. This evi-

dence, however, failed to raise a triable issue of fact in light of the plaintiff's inherent duties as a physical education teacher, and the lack of proximate cause between the alleged unsafe condition of the net and her injury. Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.