■ DEREK HAMILTON et al., Respondents, v KUSHNIR REALTY COMPANY et al., Defendants, and ISRAEL KUSHNIR et al., Appellants. [858 NYS2d 381]—

In an action to recover damages for personal injuries, etc., the defendants Israel Kushnir and Good Housing, Inc., appeal, as limited by their brief, from so much an order of the Supreme Court, Nassau County (Spinola, J.), entered April 20, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the fourth cause of action insofar as asserted against them and denied that branch of their cross motion which was for summary judgment dismissing that cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted summary judgment to the plaintiffs on the issue of liability on the fourth cause of action, which alleged a violation of Labor Law § 240 (1), insofar as asserted against the appellants. On their motion, the plaintiffs established, prima facie, that the plaintiff Derek Hamilton (hereinafter the plaintiff) sustained injuries because of the lack of enumerated safety devices (*see Cordova v 360 Park Ave. S. Assoc.*, 33 AD3d 750, 751 [2006]; *Sniadecki v Westfield Cent. School Dist.*, 272 AD2d 955 [2000]). In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The appellant Israel Kushnir admitted that the plaintiff was not provided with any safety devices. The failure to provide any protective devices for workers establishes, as a matter of law, an owner's or contractor's liability (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]; *see also Bland v Manocherian*, 66 NY2d 452, 459 [1985]). Furthermore, the expert affidavit submitted by the appellants failed to contradict the opinion of the plaintiffs' expert that the makeshift device the plaintiff constructed was not a proper and safe device as required by Labor Law § 240 (1). The appellants' expert focused on what was customary in Nassau County, not what was required under the Labor Law. When an owner or contractor fails to provide any safety device, liability is mandated by the statute without regard to external considerations such as custom or usage (*see Zimmer v Chemung County Performing Arts*, 65 NY2d at 523).

The appellants' remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.