■ Diane Consalvo et al., Respondents, v City of New York et al., Appellants. [861 NYS2d 404]—

In an action to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), entered April 11, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

From 1990 until 2000, the decedent was employed as a New York City sanitation worker. His duties included picking up and disposing of dead animals. On the evening of February 15, 2000 the decedent was assigned by his garage supervisor to perform "relays," which entailed driving "collection trucks" that had been filled with garbage and unloading them at a dumping station. The performance of relays was a one-person operation. Prior to performing his second relay that evening, the decedent was instructed to remove a dead cat from a public roadway. At approximately 9:15 P.M., while removing the dead cat from the roadway, the decedent was struck by a hit-and-run driver, and thereafter died. The plaintiffs commenced this wrongful death action against the City of New York Department of Sanitation (hereinafter the Sanitation Department) and the City of New York asserting, inter alia, causes of action to recover damages based on the defendants' alleged negligence. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not breach any duty owed to the decedent. The Supreme Court denied the motion. We reverse.

"The duty of an employer to provide its employees with a safe place to work 'does not extend to hazards which are part of or inherent in the very work which the [employee] is to perform [nor] . . . to secure the safety of [an employee] against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the [employee]' " (*Monahan v New York City Dept. of Educ.*, 47 AD3d 690, 691 [2008], quoting *Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963] [internal quotation marks and citations omitted]).

Here, the defendants demonstrated their entitlement to judgment as a matter of law by showing that the decedent was an experienced sanitation worker, that it was part of his work to pick up dead animals from the roadway, and that the risks inher-

ent therein, including the risk of being struck by a car, were readily observable. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the defendants had a duty to send two sanitation workers to pick up the dead animal is unpersuasive. In particular, we note that the plaintiffs did not produce any proof that the defendants were required to assign more than one worker to retrieve the dead cat. Instead, the plaintiffs relied upon union rules which were promulgated not as a safety measure, but to promote efficiency, and upon the alleged "custom" of the Sanitation Department in sending two workers to collect garbage. Such evidence did not raise a triable issue of fact sufficient to defeat the defendants' entitlement to judgment as a matter of law.

Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur. [See 15 Misc 3d 1117(A), 2007 NY Slip Op 50739(U).]