■ PETER SERGEEFF, Respondent, v RAYMOND CORPORATION et al., Appellants. [895 NYS2d 745]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated February 10, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of Home Depot who worked the night shift in the receiving department unloading merchandise from trucks, was informed by a coworker during his shift on March 25, 2005 that a forklift used in the unloading operation was leaking hydraulic fluid and that absorbent drying agent had been spread over the spill to correct the situation. The plaintiff removed the absorbent material, prepared to unload the next truck and, after observing no residue on the floor of the loading dock, attempted to lower the elevated end of the dock plate by placing his weight on it. In the course of doing so, his foot slipped, apparently on a thin liquid film left by the hydraulic fluid, causing him to lose his balance and fall to the floor.

Contrary to their contentions, the defendants failed to demonstrate that the plaintiff's attempt to clean the spill area or level the dock plate were superseding causes of the plaintiff's injuries. The plaintiff's acts and/or omissions were not of such an extraordinary nature, or did not so attenuate the defendants' alleged negligence from the ultimate injury, that responsibility for the injury may not be reasonably attributed to the defendants (*see Ingrassia v Lividikos*, 54 AD3d 721 [2008]).

Further, the defendants failed to show that the plaintiff's injuries resulted from a risk inherent in the task to which he was assigned by his employer (*see generally Matter of Echols v Regan*, 161 AD2d 1024 [1990]; *Mostrototaro v Seas Shipping Co.*, 5 AD2d 701 [1957]; *cf. Consalvo v City of New York*, 53 AD3d 521 [2008]; *Monahan v New York City Dept. of Educ.*, 47 AD3d 690 [2008]).

Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.