■ JEFFREY BERMAN, Appellant, et al., Plaintiff, v FRANCHISED DISTRIBUTORS, INC., et al., Respondents. [930 NYS2d 891]—

The plaintiff Jeffrey Berman (hereinafter the plaintiff) was employed to power wash and paint the exterior of a commercial building. At his deposition, he testified that he placed an A-frame ladder so that two of its footings were resting on grass and two were resting on an asphalt sidewalk alongside a wall of the building. Working alone, he proceeded to power wash the wall, causing water to fall to the ground. After power washing for about 20 minutes, during which time he moved the ladder once, the plaintiff was descending from the eighth rung of the ladder when the top of the ladder moved away from the building and he fell. The plaintiff testified that he fell because the footings of the ladder sank into the ground. He commenced this action against the building owners and interposed a cause of action alleging a violation of Labor Law § 240 (1).

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by establishing that the statute was violated and that the violation was a proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Klein v City of New York*, 89 NY2d 833 [1996]; *Leconte v 80 E. End Owners Corp.*, 80 AD3d 669 [2011]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624 [2008]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828 [2007]; *Cordova v 360 Park Ave. S. Assoc.*, 33 AD3d 750 [2006]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Sinzieri v Expositions, Inc.*, 270 AD2d 332 [2000]; *Bryan v City of New York*, 206 AD2d 448 [1994]).

However, in opposition, the defendants raised triable issues of fact as to whether they provided a proper safety device and whether the conduct of the plaintiff, including his alleged consumption of alcohol prior to and during the time that he was working (*see Moran v 200 Varick St. Assoc., LLC*, 80 AD3d 581 [2011]; *Bondanella v Rosenfeld*, 298 AD2d 941 [2002]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552 [2002]; *Sergeant v Murphy Family Trust*, 284 AD2d 991 [2001]), was the sole

proximate cause of his injuries (*see Canino v Electronic Tech. Co.*, 28 AD3d 932 [2006]; *Gregorio v J.M. Dennis Constr. Co. Corp.*, 13 AD3d 480 [2004]; *Becovic v Scoria & Diana Assoc., Inc.*, 12 AD3d 388, 389 [2004]; *Costello v Hapco Realty*, 305 AD2d 445 [2003]; *Castronovo v Doe*, 274 AD2d 442 [2000]). Such issues of fact preclude an award of summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32109(U).]**