Hernandez v 46-24 28th St., LLC (2023 NY Slip Op 01234)

Hernandez v 46-24 28th St., LLC

2023 NY Slip Op 01234

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 30345/18E Appeal No. 17484 Case No. 2022-00184 

[*1]Guadalupe Patron Hernandez, Plaintiff-Appellant,
v
46-24 28th Street, LLC, Defendant-Respondent.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 24, 2021, which, to the extent appealed from, denied plaintiff's cross motion for partial summary judgment as to Labor Law § 240(1) liability, unanimously affirmed, without costs.
The motion court correctly concluded that triable issues of fact precluded granting plaintiff summary judgment on the issue of liability on his Labor Law claim. Plaintiff testified that he fell from an unsecured extension ladder that was leaning against the wall while demolishing a platform inside the third-floor office of a building owned by defendant. Plaintiff also testified that he was working in the office with his coworkers and his foreman. The foreman, however, denied that the events, as described by plaintiff, transpired. The conflicting evidence raises questions of fact as to the manner in which the accident, if any, occurred (see Manna v New York City Hous. Auth., 215 AD2d 335, 336 [1st Dept 1995]). Plaintiff and his foreman's testimony also conflicted as to whether plaintiff was intoxicated on the day of the accident; thus, there is also a question of fact as to whether plaintiff was the sole proximate cause of the accident based on his intoxication (see Berman v Franchised Distribs., Inc., 88 AD3d 755, 756 [2d Dept 2011]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023