| |
|---|
| **Hermosa v 13-17 Laight NY LLC** |
| 2025 NY Slip Op 32333(U) |
| June 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159899/2019 |
| Judge: Leslie A. Stroth |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. LESLIE A. STROTH** | PART |
| | *Justice* | |

---------------------------------------------------------------------X

AMABLE G. HERMOSA,

                             Plaintiff,

                  - V -

13-17 LAIGHT NY LLC,PAVARINI MCGOVERN, LLC,DE
VEAU TRUCKING CORPORATION,

                           Defendant.

---------------------------------------------------------------------X

13-17 LAIGHT NY LLC, PAVARINI MCGOVERN, LLC

                           Plaintiff,

                -against-

ALBA SERVICES, INC.

                           Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **12M** |
| **INDEX NO.** | 159899/2019 |
| **MOTION DATE** | N/A, N/A, N/A |
| **MOTION SEQ. NO.** | 001 002 002 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595414/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 83, 90, 96, 97, 115, 116, 118, 120, 121, 122, 125, 127

were read on this motion to/for                     JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 87, 88, 89, 91, 93, 94, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 117, 119, 123, 124, 126

were read on this motion to/for                     JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 87, 88, 89, 91, 93, 94, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 117, 119, 123, 124, 126

were read on this motion to/for                  PARTIAL SUMMARY JUDGMENT    .

1 of 5

[* 1]

Plaintiff commenced this labor law action for injuries allegedly sustained on August 27, 2019, on the street outside of a building by 13 Laight Street, New York, New York while employed with third-party defendant Alba Services, Inc. Plaintiff claims that he was unloading scaffolding bundles from a flatbed truck when several pieces of scaffolding hit him in the chest, causing him to fall 5 ½ feet off the truck to the ground. Defendant 13-17 Laight NY LLC owned the premises and retained defendant Pavarini McGovern as the general contractor, who retained Alba Services to perform demolition work at the premises.

Defendants 13-17 Laight and Pavarini move here for summary judgment on the following (motion #001):

1. Summary judgment dismissing plaintiff's complaint with prejudice as to plaintiff's cause of actions under Labor Law §240(1), §246(1), §200, and common law negligence;

2. Summary judgment on the third-party action and their crossclaims against Alba Services on its causes of action sounding in contractual indemnity; and

3. Dismissal of all crossclaims and counterclaims raised by Alba Services.

Plaintiff also seeks summary judgment as to Labor Law §240(1) against defendants 13-17 Laight and Pavarini (motion #002). Defendant De Veau Trucking Corporation filed a cross-motion to dismiss the complaint. Oral argument was held on April 8, 2025.

First, Labor Law §240(1) states, "All contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury (*See Gordon v Eastern Railway*

[* 2]

*Supply, Inc.*, 82 N.Y.2d 555 (1993)). "[T]he reach of Labor Law §240(1) is limited to such specific gravity-related accidents as [a worker] falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1 (2011)).

The Court is denying defendants Pavarini and 13-17 Laight NY LLC's motion for summary judgment on Labor Law 240(1) and is granting plaintiff's motion for summary judgment as it finds that plaintiff's fall to the ground from the truck's flatbed is gravity related. Defendants rely upon *Cabezas v. Consol. Edison*, 296 A.D.2d 522 (2002), where the Second Department held that "the task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed". However, in *Cabezas*, unlike here, the plaintiff was injured when a pipe fell on his foot.

According to the Pavarini Accident Report, "Hermosa fell from a delivery truck while off loading sharing frames. Once unstrapped the shoring frames shifted and knocked him off of truck to the ground. The shoring frames then fell from the truck striking Amable while on the ground" (Exh 11). Plaintiff testified that "I was standing in the bed of the truck, I was starting to cut the straps that held the scaffold in place when all of a sudden, one of them hit my chest pushing me and making me fall about five or six feet outside of the truck bed" (Exh 2, p 49).

"[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599 (2009)). In *Naughton v. City of New York*, 94 A.D.3d 1 (1st Dept 2012), the plaintiff "fell approximately 15 feet to the ground while unloading bundles of curtain wall panels off a flatbed truck". The First Department held that plaintiff should have been granted summary judgment on Labor Law

[* 3]

§240(1) since "plaintiff has established that the absence of a ladder was a proximate cause of the accident…[and] for failing to provide a secure method of hoisting the bundles. In addition to falling worker cases, Labor Law §240(1) applies where a plaintiff is struck by a falling object that was improperly hoisted or inadequately secured" (Id).

Given the foregoing, the Court finds that plaintiff's fall from a height off five to six feet above ground "constitutes precisely the type of elevation-related risk envisioned by the statute" (*Naughton v. City of New York*, 94 A.D.3d 1 (1st Dept 2012); *Ford v HRH Constr. Corp.*, 41 AD3d 639 [2007] [fall from the top of a stack of curtain wall panels on a flatbed truck within the scope of section 240 (1)]; *see also Ortiz v Varsity Holdings, LLC*, 18 NY3d 335 [2011] [declining to dismiss section 240(1) claim where the plaintiff fell six feet off the edge of a dumpster]). As a result, plaintiff is granted summary judgment on Labor Law 240(1), and defendants are denied such.

The Court notes that plaintiff indicated in his Affirmation in Opposition that defendant De Veau is neither the owner nor general contractor for it to have statutory liability under Labor Law §240(1) (Nyscef doc. 123, para 1)). Thus, the cross-motion by De Veau is granted for summary judgment under Labor Law 240(1). Plaintiff failed to oppose defendants' motions for summary judgment under Labor Law §241(6), Labor Law §200, and common law negligence. Thus, defendants are granted summary judgment on Labor Law §241(6), Labor Law §200, and common law negligence, which are hereby dismissed.

Finally, it is well-established that a party cannot be indemnified for their own negligence, and contractual indemnification clauses are to be enforced only when the "intention to indemnify can be clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" (*See Masciotta v Morse Diesel Int'l, Inc.*, 303 A.D.2d 309

(1st Dept 2003)). "In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v. Pro. Data Mgmt., Inc.*, 259 A.D.2d 60 (1st Dept 1999)). Given the Court's analysis in granting Labor Law 240(1), it is denying defendants' motion for summary judgment on indemnification and is not inclined to dismiss all cross-claims and counterclaims raised by third-party defendant Alba Services.

Accordingly, it is hereby

ORDERED, that defendants 13-17 Laight and Pavarini's motion for summary judgment is denied, except as to Labor Law §241(6), Labor Law §200, and common law negligence; and it is further

ORDERED, that plaintiff's motion for summary judgment is granted; and it is further

ORDERED, that defendant De Veau Trucking Corporation's cross-motion to dismiss the complaint is granted.

The foregoing constitutes the decision and order of the Court.

June 30, 2025

_____
DATE

HON. LESLIE A. STROTH
J.S.C.

CHECK ONE:           ☐ CASE DISPOSED          ☒ NON-FINAL DISPOSITION
                     ☐ GRANTED  ☐ DENIED      ☐ GRANTED IN PART   ☒ OTHER
APPLICATION:         ☐ SETTLE ORDER           ☐ SUBMIT ORDER
CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE