■ DONALD MORRISON et al., Appellants, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents. PAK-AMERICAN CONSTRUCTION & MECHANICAL et al., Third-Party Defendants. [774 NYS2d 763]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 3, 2002, as granted the cross motion of the defendants third-party plaintiffs, City of New York and Queensborough Community College of the City of New York, for summary judgment dismissing their causes of action based on Labor Law § 241 (6) and § 200 and common-law negligence insofar as asserted against them, and granted that branch of the motion of the third-party defendant Dormitory Authority of the State of New York which was for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendant Dormitory Authority of the State of New York which was for summary judgment dismissing the third-party complaint insofar as asserted against it is dismissed, as the plaintiffs are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs to the defendants third-party plaintiffs-respondents.

The injured plaintiff, a laborer employed by the third-party defendant Pak-American Construction & Mechanical Co. (hereinafter Pak), allegedly sustained personal injuries when his hand was caught between an iron valve and other debris as the valve was being lowered into a dumpster at a construction site at the premises of the defendant third-party plaintiff Queensborough Community College of the City of New York (hereinafter Queensborough). The plaintiffs commenced this action against the City of New York and Queensborough based on common-law negligence and Labor Law §§ 200 and 241 (6). The City and Queensborough then commenced a third-party action against Pak and Dormitory Authority of the State of New York (hereinafter DASNY) seeking contribution and indemnification.

The Supreme Court properly granted the defendants third-party plaintiffs summary judgment dismissing the Labor Law § 241 (6) cause of action, since the plaintiffs, as limited by their brief, rely on 12 NYCRR 23-6.1 (h), an Industrial Code provision containing insufficient concrete and specific standards relevant to the facts of this case (*see Smith v Homart Co.*, 237 AD2d 77, 80 [1997]).

The Supreme Court also properly granted summary judgment dismissing the causes of action under Labor Law § 200 and common-law negligence. The defendants third-party plaintiffs established their prima facie entitlement to summary judgment dismissing the common-law negligence and Labor Law § 200

causes of action by submitting evidence that they did not control or supervise the injured plaintiff's work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.