[940 NYS2d 21]

PATRICK NAUGHTON, JR., Appellant-Respondent, v CITY OF NEW YORK, Defendant, and PETROCELLI CONSTRUCTION, INC., Respondent-Appellant/Third-Party Plaintiff-Respondent-Appellant. W & W GLASS SYSTEMS, INC., Third-Party Defendant-Respondent-Respondent, and METAL SALES CO., INC., Third-Party Defendant-Respondent-Appellant.

First Department, February 23, 2012

4

---

### APPEARANCES OF COUNSEL

*Sacks and Sacks, LLP*, New York City (*Scott Singer* of counsel), for appellant-respondent.

*Malapero & Prisco, LLP*, New York City (*Andrew L. Klauber* and *Frank L. Lombardo* of counsel), for Petrocelli Construction, Inc., respondent-appellant.

*Litchfield Cavo LLP*, New York City (*Joseph E. Boury* and *Beth A. Saydak* of counsel), for Metal Sales Co., Inc., respondent-appellant.

*Law Office of James J. Toomey*, New York City (*Eric P. Tosca* of counsel), for respondent-respondent.

### OPINION OF THE COURT

RICHTER, J.

In this Labor Law action, plaintiff alleges that he was injured when he fell approximately 15 feet to the ground while unloading bundles of curtain wall panels off a flatbed truck. The panels were part of a renovation project of the Family Court building in Lower Manhattan, and were to be used for the building's facade. Defendant Petrocelli Construction, Inc. was the general construction contractor for the job. Petrocelli retained third-party defendant W & W Glass Systems, Inc. to perform all curtain wall, glass and stone work. W & W Glass, in turn, subcontracted the unloading and installation of the curtain wall panels to third-party defendant Metal Sales Co., Inc., plaintiff's employer.

On the day of the accident, six bundles of curtain wall panels arrived at the work site on a flatbed truck. Each bundle was approximately 10 feet long, four feet wide and 10 feet tall. Plaintiff was instructed by his supervisor to climb on top of the bundles, attach each bundle to a crane and make sure the bundles stayed apart while they were hoisted to a sidewalk bridge above. When plaintiff asked his supervisor for a ladder, he was told that a ladder was not needed, and that instead he should climb up the side of the bundles. Plaintiff explained to his supervisor that he did not like being on top of the bundles without a ladder because there was no way to "get out of there." Despite his protestations, plaintiff was not provided with a ladder.

Plaintiff then climbed to the top of one of the bundles, which was 10 to 11 feet above the flatbed surface and 15 to 16 feet above the ground. Plaintiff explained that it was necessary to work on top of the bundles so that he could attach the chokers to the corners and ensure that the bundles did not interfere with each other while being hoisted. Two of plaintiff's coworkers were standing on the street below holding tag lines attached to the bottom of the bundles to control their movement. While standing on an adjacent bundle, plaintiff rigged one of the bundles, and the crane operator began to lift the load. After the load had been lifted several feet, one of the tag lines "got slack," and the bundle began to swing toward plaintiff. According to plaintiff, he retreated as far as he could looking for an escape route, but the bundle hit him and knocked him down 15 feet to the street below.

Plaintiff brought this action alleging violations of, inter alia, Labor Law § 240 (1) and § 241 (6). Petrocelli commenced a third-party action against W & W Glass and Metal Sales seeking contractual and common-law indemnification, and W & W Glass asserted a cross claim against Metal Sales for contractual indemnification. The parties then filed various motions seeking summary judgment. By a decision entered on or about December 2, 2010, the motion court dismissed plaintiff's section 240 (1) claim, concluding that Petrocelli was not a general contractor or agent under the Labor Law. The court also dismissed the section 241 (6) claim finding that the Industrial Code provision relied upon by plaintiff was not specific enough. As for the indemnification claims, the court dismissed Petrocelli's claims for common-law and contractual indemnification against W & W Glass and for contractual indemnification against Metal Sales, and granted W & W Glass's cross motion for contractual indemnification against Metal Sales. (2010 NY Slip Op 33316[U] [2010].) These appeals followed.

█ The motion court should have granted summary judgment to plaintiff on his Labor Law § 240 (1) claim. Under that section, owners, general contractors and their agents have "a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]). To establish liability on a Labor Law § 240 (1) cause of action, a plaintiff is required to show that the statute was violated and that the violation was a proximate cause of his injuries (*Harris v City of New York*, 83 AD3d 104, 108 [2011]).

Here, plaintiff asked his supervisor for a ladder but was told that one was not needed. He specifically explained to the supervisor that he did not like being on top of the bundles without a ladder because there was no way to get down. Plaintiff testified that when the bundle started swinging toward him, he retreated. Since there was no ladder, he had no way to get off the bundles. Thus, plaintiff has established that the absence of a ladder was a proximate cause of the accident. Since Petrocelli and third-party defendants (defendants) point to no evidence challenging or contradicting plaintiff's assertions, plaintiff should have been granted summary judgment on his section 240 (1) claim (*see e.g. Roman v Hudson Tel. Assoc.*, 11 AD3d 346 [2004]).

Aside from Petrocelli's liability for failing to provide a ladder to prevent plaintiff's fall, Petrocelli is independently liable under section 240 (1) for failing to provide a secure method of hoisting the bundles. In addition to "falling worker" cases, Labor Law § 240 (1) applies where a plaintiff is struck by a falling object that was improperly hoisted or inadequately secured (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]). Thus, section 240 (1) "was designed to prevent those types of accidents in which the . . . hoist . . . proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object" (*id.* [internal quotation marks and emphasis omitted]).

Here, the harm plaintiff suffered was the direct consequence of the application of the force of gravity to the bundle that was being hoisted (*see Runner* at 604; *Harris* at 109-110; *Ray v City of New York*, 62 AD3d 591 [2009]). The undisputed testimony in the record establishes that after the bundle began its ascent, one of the tag lines "got slack," causing the load to swing toward plaintiff. Thus, plaintiff has shown that the hoist proved inadequate to shield him from harm, and defendants point to no evidence in opposition that would create an issue of fact. Accordingly, plaintiff was entitled to summary judgment on his section 240 (1) claim.

There is no merit to defendants' contention that plaintiff's accident is outside the scope of section 240 (1) because it resulted from a usual and ordinary danger of a construction site. Plaintiff's fall from a height of 15 to 16 feet above the ground constitutes precisely the type of elevation-related risk envisioned by the statute (*see Intelisano v Sam Greco Constr., Inc.*, 68 AD3d 1321 [2009] [the plaintiff's fall while unloading

10-foot-high bundles of insulation from a flatbed trailer constitutes an elevation-related risk greater than merely falling from the bed of the trailer]; *Ford v HRH Constr. Corp.*, 41 AD3d 639 [2007] [fall from the top of a stack of curtain wall panels on a flatbed truck within the scope of section 240 (1)]; *see also Ortiz v Varsity Holdings, LLC*, 18 NY3d 335 [2011] [declining to dismiss section 240 (1) claim where the plaintiff fell six feet off the edge of a dumpster]).

■ There is no plausible view of the evidence that plaintiff's own acts or omissions were the sole proximate cause of the accident (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 281 [2005]). Defendants argue, pointing to an accident report in the record, that plaintiff was solely to blame because he jumped onto the truck bed and then onto the street. Whether plaintiff was hit by the swinging bundle or jumped to get out of its way, it cannot be said that plaintiff was the sole proximate cause of his injuries (*see e.g. Sherman v Piotrowski Bldrs.*, 229 AD2d 959 [1996]; *Cosban v New York City Tr. Auth.*, 227 AD2d 160, 161 [1996]; *Lockwood v National Valve Mfg. Co.*, 143 AD2d 509 [1988]).

The court erred in dismissing plaintiff's claim under Labor Law § 241 (6). 12 NYCRR 23-6.1 (h) provides that "[l]oads which have a tendency to swing or turn freely during hoisting shall be controlled by tag lines." This Industrial Code provision "sets forth a specific standard of conduct and not simply a recitation of common-law safety principles" (*St. Louis v Town of N. Elba*, 16 NY3d 411, 414 [2011]). We recognize that other courts have concluded that the regulation is not sufficiently specific to establish a section 241 (6) violation (*see Morrison v City of New York*, 5 AD3d 642, 643 [2d Dept 2004]; *Smith v Homart Dev. Co.*, 237 AD2d 77, 80 [3d Dept 1997]). However, we have previously found that analogous regulations (*see* 12 NYCRR 23-8.2 [c] [3] ["A tag or restraint line shall be used when rotation or swinging of any load being hoisted by a mobile crane may create a hazard"]) can give rise to liability under section 241 (6) (*see McCoy v Metropolitan Transp. Auth.*, 38 AD3d 308, 309 [2007]; *Cammon v City of New York*, 21 AD3d 196, 201 [2005]). Although tag lines were used here, there is sufficient evidence that the tag lines did not properly control the movement of the load as it was lifted. Thus, a jury should be permitted to determine whether plaintiff may recover under section 241 (6).

■ Defendants unpersuasively argue that Petrocelli was not a general contractor for purposes of liability under Labor Law

§ 240 (1) and § 241 (6). The record shows that Petrocelli was delegated plenary authority over the construction work at the site, which included the authority to supervise and control the work performed by its subcontractors, and was therefore a statutory agent of the owner or general contractor of the work site liable under the Labor Law (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]). Moreover, Petrocelli demonstrated this authority by subcontracting all curtain wall, glass, stone and metal work to W & W Glass, which engaged plaintiff's employer, Metal Sales, to unload, distribute and erect the curtain wall panels at the site (*see Weber v Baccarat, Inc.*, 70 AD3d 487 [2010]; *Williams v Dover Home Improvement*, 276 AD2d 626 [2000]). Whether Petrocelli actually supervised plaintiff is irrelevant (*see Burke v Hilton Resorts Corp.*, 85 AD3d 419, 420 [2011]).

The motion court properly dismissed Petrocelli's claim for common-law indemnification against W & W Glass. To be entitled to common-law indemnification, a party must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d at 377-378; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]).

Petrocelli has met the first prong of the test. There is no showing that Petrocelli was negligent, and Petrocelli's liability is purely vicarious. However, there is no evidence in the record that W & W Glass was either negligent or actually supervised or controlled plaintiff's work. It is undisputed that W & W Glass did not perform the installation of the curtain wall panels; that work was subcontracted out to Metal Sales, plaintiff's employer. On the day of the accident, the unloading of the panels from the truck was supervised and directed by a Metal Sales foreman. Although W & W Glass's foreman was on the work site that day, Petrocelli points to no evidence showing that he was present when plaintiff's accident occurred. More importantly, there is no proof that he, or any other W & W Glass employee, actually supervised or controlled plaintiff's work. Indeed, W & W Glass's president testified that its foreman was only responsible for coordinating the delivery of the panels, and was not required to remain during the unloading.

Petrocelli argues that common-law indemnification is warranted because W & W Glass was contractually required to

supervise plaintiff's work. However, in *McCarthy*, the Court of Appeals made clear that "a party's . . . [contractual] authority to supervise the work and implement safety procedures is not alone a sufficient basis for requiring common-law indemnification" (17 NY3d at 378). Rather, liability can only be imposed against a party who exercises *actual* supervision of the injury-producing work (*id*. at 376, 378). Since there is no view of the evidence that W & W Glass actually supervised or controlled plaintiff's work, or was otherwise negligent, Petrocelli's common-law indemnification claim was correctly dismissed.

However, the motion court should not have dismissed Petrocelli's claim for contractual indemnification against W & W Glass. The contract between the parties requires W & W Glass to indemnify Petrocelli for claims arising out the performance of W & W Glass's work, but only to the extent caused by the negligent acts or omissions of W & W Glass, its sub-subcontractors (i.e., Metal Sales), or anyone directly or indirectly employed by them. Thus, the indemnification provision is triggered if the accident was caused by the negligence of *either* W & W Glass or Metal Sales, or their employees. Although the record is devoid of proof of W & W Glass's negligence, there is evidence that the accident may have been caused by the negligence of the Metal Sales employees who did not properly control the tag lines. Thus, the contractual indemnification claim against W & W Glass should not have been dismissed.

There is no merit to Petrocelli's contention that it is entitled to summary judgment on this claim. First, Petrocelli argues that the record establishes Metal Sales's negligence as a matter of law based on the theory of res ipsa loquitur. In response, W & W Glass maintains that res ipsa loquitur is not applicable to the facts of this case. Res ipsa loquitur is a form of circumstantial evidence that creates a permissible inference of negligence that may be accepted or rejected by the factfinder (*Tora v GVP AG*, 31 AD3d 341 [2006]). The only instance when res ipsa loquitur can be established as a matter of law is "when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of [the] defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). We need not decide whether res ipsa loquitur applies here because even if it did, it cannot be said that the inference of Metal Sales's negligence is inescapable.

Next, Petrocelli contends that W & W Glass, during motion practice below, made a judicial admission that Metal Sales

was negligent. Specifically, Petrocelli maintains that W & W Glass's argument before the motion court that plaintiff was the sole proximate cause of the accident constitutes a judicial admission of plaintiff's negligence. Thus, according to Petrocelli, W & W Glass has admitted Metal Sales's negligence under a respondeat superior theory. However, in order to constitute a judicial admission, the statement must be one of fact (*People v Brown*, 98 NY2d 226, 232 n 2 [2002]; *GJF Constr., Inc. v Sirius Am. Ins. Co.*, 89 AD3d 622, 624 [2011]; *Rahman v Smith*, 40 AD3d 613, 615 [2007]). Here, the legal arguments made by W & W Glass's counsel in its motion papers below do not constitute judicial admissions (*see Mesler v PODD LLC*, 89 AD3d 1533, 1536 [2011]; *Rahman* at 615).

■■■ The motion court properly granted W & W Glass's motion for summary judgment on its contractual indemnification claim against Metal Sales. Metal Sales and W & W Glass entered into a purchase order for the unloading and erection of the curtain wall panels. The indemnity provision in that order provides that Metal Sales agrees to indemnify W & W Glass for claims "arising directly or indirectly out of this order," and requires no showing of negligence by Metal Sales. Since there is no question that plaintiff's accident arose out of the purchase order, W & W Glass is entitled to be indemnified (*see Velez v Tishman Foley Partners*, 245 AD2d 155 [1997]). Because we have found that W & W Glass was not negligent, enforcement of the contractual indemnification provision does not run afoul of General Obligations Law § 5-322.1 (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5 [1997]; *Reilly v Newireen Assoc.*, 303 AD2d 214, 224 [2003], *lv denied* 100 NY2d 508 [2003]; *Velez*, 245 AD2d at 157).

■■■ Metal Sales's motion for summary judgment dismissing Petrocelli's claim for contractual indemnification was properly granted. Petrocelli and Metal Sales were not in contractual privity with each other, and the purchase order between W & W Glass and Metal Sales does not make Petrocelli a third-party beneficiary thereof, nor does it incorporate by reference the terms of the subcontract between Petrocelli and W & W Glass (*see Vargas v New York City Tr. Auth.*, 60 AD3d 438, 440 [2009]).

Accordingly, the order of the Supreme Court, New York County (Martin Shulman, J.), entered or on about December 2, 2010, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, granted the cross motions of defend-

ant Petrocelli Construction, Inc. and third-party defendants W & W Glass Systems, Inc. and Metal Sales Co., Inc. for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims, denied Petrocelli's cross motion for summary judgment on its common-law and contractual indemnification claims against W & W Glass Systems, Inc. and for contractual indemnification against Metal Sales, granted W & W Glass's cross motion for summary judgment dismissing Petrocelli's claims for common-law and contractual indemnification against it, granted Metal Sales's cross motion for summary judgment dismissing Petrocelli's claim for contractual indemnification against it, and granted W & W Glass's cross motion for contractual indemnification against Metal Sales as to liability, should be modified, on the law, to reinstate plaintiff's Labor Law § 240 (1) and § 241 (6) claims, grant plaintiff's motion for summary judgment as to liability on his section 240 (1) claim against Petrocelli, reinstate Petrocelli's claim for contractual indemnification against W & W Glass, and otherwise affirmed, without costs. The appeal from the order of the same court and Justice, entered April 12, 2011, which granted plaintiff's motion to reargue, and, upon reargument, adhered to the prior order, should be dismissed, without costs, as academic.

GONZALEZ, P.J., FRIEDMAN, MOSKOWITZ and ACOSTA, JJ., concur.

Order, Supreme Court, New York County, entered on or about December 2, 2010, modified, on the law, to reinstate plaintiff's Labor Law § 240 (1) and § 241 (6) claims, grant plaintiff summary judgment as to liability on his section 240 (1) claim against Petrocelli, reinstate Petrocelli's claim for contractual indemnification against W & W Glass, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 12, 2011, dismissed, without costs, as academic.