■ ENVER MURIQI, Respondent, v CHARMER INDUSTRIES INC., Respondent/Third-Party Plaintiff-Respondent, and P & P CONSTRUCTION AND PAINTING, Appellant/Third-Party Defendant-Appellant. [947 NYS2d 26]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 24, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim as against defendant P & P, denied P & P's cross motion for summary judgment dismissing the section 240 (1) claim against it, and granted defendant/third-party plaintiff Charmer's cross motion for summary judgment on its claim of common-law indemnification against P & P, unanimously modified, on the law, to deny Charmer's cross motion, and otherwise affirmed, without costs.

Plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that P & P was a statutory agent of the owner or a general contractor liable under Labor Law § 240 (1). Indeed, the record shows that P & P had "plenary authority" over the work at the site, including the work being performed by plaintiff at the time of the accident (*see Naughton v City of New York*, 94 AD3d 1, 9-10 [2012]). In opposition, P & P failed to raise a triable issue of fact. The testimony of its principal was riddled with internal contradictions and failures of memory. Indeed, although he and his brother both worked at the site, P & P's principal could not recall whether P & P hired either another company or day laborers to assist them with the job. Further, while P & P's principal denied knowing the company that plaintiff claims hired him, P & P offered no explanation as to how plaintiff came to be performing a portion of the work P & P had agreed to perform for Charmer.

Charmer, however, should not have been granted summary judgment on its claim for common-law indemnification against P & P since it made no showing that P & P was actively negligent, or that P & P exercised actual supervision or control over plaintiff's work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011]; *Naughton v City of New York*, 94 AD3d 1, 10 [2012]). Concur—Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.