■ Luigi Fidanza et al., Plaintiffs, v Bravo Brio Restaurant Group, Inc., et al., Defendants. Bravo Brio Restaurant Group, Inc., et al., Third-Party Plaintiffs-Respondents, v Spectrum Painting Corp., Third-Party Defendant-Appellant. [44 NYS3d 741]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered February 1, 2016, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff RCC Associates, Inc.'s motion for summary judgment on its third-party claims against Spectrum Painting Corp. for contractual indemnification and failure to procure insurance, and denied Spectrum's motion to dismiss the third-party complaint, unanimously modified, on the law, to deny RCC summary judgment on its third-party claims, and to limit Spectrum's liability for contractual indemnification, if any, to $2 million, and otherwise affirmed, without costs.

Plaintiff, an employee of Spectrum, a painting subcontractor, was injured while working on a project for which RCC was the general contractor. On this record, neither RCC nor Spectrum was entitled to summary judgment on RCC's third-party claim against Spectrum for contractual indemnification. Initially, an issue of fact exists as to whether the work plaintiff was performing at the time of his accident was within the scope of Spectrum's work, so as to render the contract's indemnification provision applicable. Specifically, Spectrum's contract was unclear with respect to whether the window frame plaintiff was painting when he was injured was included in the scope of work. Further, assuming that plaintiff was performing work within the scope of Spectrum's contract, the contract's indemnification provision is enforceable under General Obligations Law § 5-322.1 (1) only to the extent that RCC is found to have been free of negligence itself (see *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5 [1997]; *Naughton v City of New York*, 94 AD3d 1, 12 [1st Dept 2012]; *Macedo v J.D. Posillico, Inc.*, 68 AD3d 508, 510-511 [1st Dept 2009]). Here, the record raises an issue of fact as to whether any negligence by RCC contributed to the causation of the accident. Because the foregoing issues must be resolved at trial, we modify to deny RCC summary judgment on its third-party claim for contractual indemnification. In addition, based on the express terms of the contract, we further modify to limit Spectrum's potential liability for such indemnification to $2 million.

Finally, RCC is not entitled to summary judgment on its third-party claim for failure to procure insurance because it failed to demonstrate prima facie that Spectrum did not obtain insurance coverage naming it as an insured party. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.