Berihuete v 565 W. 139th St., L.P. (2019 NY Slip Op 03290)





Berihuete v 565 W. 139th St., L.P.


2019 NY Slip Op 03290


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9138 154467/12

[*1]Evelina M. Berihuete, Plaintiff,
v
565 West 139th Street, L.P., Defendant.
565 West 139th Street, L.P., Third-Party Plaintiff-Respondent,
v
A & G Plastering and Tile Corp., Third-Party Defendant-Appellant.


Cerussi & Spring, P.C., White Plains (Christopher B. Roberta of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered October 2, 2018, which, to the extent appealed from, denied third-party defendant's (AG) motion for summary judgment dismissing the common-law indemnification claim, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when the bathroom ceiling in her apartment fell on her. Both plaintiff and the building superintendent testified that there had previously been water damage to the bathroom ceiling in plaintiff's apartment, due to water leaking from the apartment above. At the time of the incident, AG was removing and replacing the bathroom floor in the apartment above plaintiff's. In seeking the dismissal of the building owner's common-law indemnification claim, AG failed to demonstrate as a matter of law that the owner was negligent in failing to timely address the condition of the bathroom ceiling in plaintiff's apartment and that AG itself was not negligent in connection with the work it was performing in the apartment above (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).
Contrary to AG's contention, the absence of a written contract between itself and the owner does not bar the latter's claim for common-law indemnification (see Rogers v Dorchester Assoc., 32 NY2d 553, 565 n 2 [1973]; McCarthy v Turner Constr., Inc., 17 NY3d 369, 374-375 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK