Vohra v Mount Sinai Hosp. (2020 NY Slip Op 01024)





Vohra v Mount Sinai Hosp.


2020 NY Slip Op 01024


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11026 301572/13

[*1] Vishal Vohra, et al., Plaintiffs-Respondents,
v
The Mount Sinai Hospital, et al., Defendants-Respondents, Rhino Construction NYC, Inc., Defendant, Rock Scaffolding Corp., Defendant-Appellant.


Carol R. Finocchio, New York, for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for The Mount Sinai Hospital and The Mount Sinai Medical Center, Inc., respondents.
Law Offices of Neil Kalra, PC, Forest Hills (Neil Kalra of counsel), for Vishal Vohra and Neetu S. Vohra, respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about May 14, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240(1) claim as against defendant Rock Scaffolding Corp. (Rock), granted the motion of defendants The Mount Sinai Hospital and The Mount Sinai Medical Center, Inc. (collectively Mount Sinai) for summary judgment on their common-law indemnification claim against Rock, and denied Rock's motion for summary judgment dismissing the claims and cross claims as against it, unanimously affirmed, without costs.
The court properly granted partial summary judgment in favor of plaintiffs and against Rock on the Labor Law § 240(1) claim where plaintiff Vishal Vohra was injured while dismantling a scaffold. The record shows that Rock was a statutory agent of the general contractor, which had hired it for the installation and dismantling of scaffolding at the project (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]). There was also ample evidence that Rock exercised supervision and control over the injury-producing work, thereby entitling Mount Sinai to common-law indemnification from Rock (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).
The court properly denied Rock's motion seeking dismissal of the Labor Law § 200 and common-law negligence claims as against it. Triable issues remain as to whether Rock had notice of a dangerous or defective condition on the work site and also whether the injury was caused by the manner in which the work was
being performed (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK