Winkler v Halmar Intl., LLC (2022 NY Slip Op 03984)

Winkler v Halmar Intl., LLC

2022 NY Slip Op 03984

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 150694/14, 595096/15, 595523/15 Appeal No. 16154 Case No. 2021-03057, 2022-00987 

[*1]Doreen Ellen Winkler etc., et al., Plaintiffs-Respondents,
v
Halmar International, LLC, et al., Defendants-Respondents, Haks Group, Inc., et al., Defendants, JA Underground Professional Corporation, Doing Business as Jacobs Associates, Defendant-Appellant. [And a Third-Party Action]
Haks Group, Inc., et al., Second Third-Party Plaintiffs-Respondents,
v
JA Underground Professional Corporation, Doing Business as Jacobs Associates, Second Third-Party Defendant-Appellant.

Donovan Hatem LLP, New York (Scott K. Winikow of counsel), for appellant.
Arye, Lustig & Sassower, PC, New York (D. Carl Lustig, III of counsel), for Doreen Ellen Winkler, respondent.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan P. Shaub of counsel), for Halmar International, LLC, Halmar Construction Corp. and Halmar International Construction, LLC, respondents.
Byrne & O'Neill, LLP, New York (Elaine C. Gangel of counsel), for Haks Group, Inc., Haks Engineers, Architects and Land Surveyors, P.C., respondents.
Cerussi & Spring, P.C., White Plains (Christopher Roberta of counsel), for The City of New York and The New York City Department of Environmental Protection, respondents.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about June 24, 2021, and supplemental amended order, same court and Justice, entered on or about February 15, 2022, which, to the extent appealed from as limited by the briefs, defendant/second third-party defendant JA Underground Professional Corporation's (JA) motion for summary judgment dismissing the second amended complaint and the cross claims and the third-party claims for common-law indemnification, contribution, and apportionment as against it, and, in effect, granted so much of plaintiff's cross motion as was for leave to renew her motion for partial summary judgment on the issue of liability on her Labor Law §§ 200, 240(1), and 241(6) claims as against JA, and, upon renewal, granted plaintiff partial summary judgment on the issue of liability on those claims as against JA, unanimously modified, on the law, to grant so much of JA's motion as was for summary judgment dismissing the cross claims by defendants Halmar International, LLC, Halmar Construction Corp., and Halmar International Construction, LLC (collectively, Halmar), as against it for contractual and common-law indemnification, dismissing the cross claim and third-party claim by defendants/second third-party plaintiffs Haks Group, Inc. and Haks Engineers, Architects and Land Surveyors, P.C. (together, Haks) for common-law indemnification, and dismissing all cross claims and third-party claims for breach of contract and for failure to procure insurance, and otherwise affirmed, without costs.
The motion court providently exercised its discretion in deciding plaintiff's cross motion for leave to renew so much of her prior motion as was for partial summary judgment on the issue of liability as against JA (see S.V.L. v PBM, LLC, 191 AD3d 564, 565 [1st Dept 2021]; Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]). Notwithstanding plaintiff's prior position on her previous summary judgment motion that no further discovery was needed, her motion for leave to renew was based, in part, on the further discovery that JA and other defendants themselves urged was necessary (see Winkler v Halmar Intl., LLC, 2019 WL 4804194, *3-4 [Sup Ct, NY County, Oct. 1, 2019, Chan, J., Index No. 150694/2014], affd 199 AD3d 598 [1st Dept 2021]). Given also the grave nature of the decedent's accident and the fact that liability had already been established against several defendants by the time plaintiff made her cross motion, we cannot say that the court exceeded the discretion afforded to it.
The court correctly denied so much of JA's motion as was for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) claims as against it and, upon renewal, correctly granted so much of plaintiff's cross motion as was for partial summary judgment on the issue of liability on those claims as against JA, as JA had the authority to supervise and control the injury-producing work and thus was liable as a statutory [*2]agent under §§ 240(1) and 241(6) (see Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]). All the testimony and the accompanying documentary evidence establishes that both JA and Haks had safety concerns about the work being performed and had the authority to stop the work on the day of the accident, and that in fact, JA had exercised that authority before. Nonetheless, the JA and Haks employees allowed the work to proceed. Since the remaining elements of plaintiff's Labor Law §§ 240(1) and 241(6) claims have already been established as against the owners and general contractor, they are no longer at issue as to JA. Moreover, because JA actually exercised supervisory control over the work, its authority also establishes its liability under Labor Law § 200 (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
As to the cross claims and third-party claims against JA, defendants/third-party plaintiffs The City of New York and The New York City Department of Environmental Protection (DEP) have been found only to have been passively negligent by virtue of Labor Law §§ 240(1) and 241(6); therefore, JA is not entitled to summary judgment dismissing the common-law indemnification, contribution, and apportionment cross claims as against it (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Nevertheless, since Supreme Court had already found both Haks and Halmar to have been actively negligent, it should have granted JA summary judgment dismissing Halmar's cross claim, and Haks's cross claim and third-party claim, for common-law indemnification as against it (see id.).
However, Halmar's cross claims for contribution and apportionment, and Haks's cross claims and third-party claims seeking the same relief, may proceed (see Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646-647 [1988]). Nor was JA entitled to summary judgment dismissing the City and DEP's cross claim for contractual indemnification (see Winkler v Halmar Intl., LLC, __AD3d _, 2022 NY Slip Op 2068836[1st Dept 2022]), and Haks's cross claim and third-party claim for that relief, based on a plain reading of the indemnification clause in Haks's contract with the DEP, which applies to JA under the indemnification clause in Haks's subcontract with JA.
Finally, since Halmar does not defend its contractual indemnification cross claim against JA, and no party defends its failure to procure insurance claims against JA, those claims should be dismissed as abandoned (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
We have considered JA's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022