Ellis v JPMorgan Chase Bank N.A. (2023 NY Slip Op 00811)

Ellis v JPMorgan Chase Bank N.A.

2023 NY Slip Op 00811

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 156426/17 Appeal No. 17339 Case No. 2022-04107 

[*1]Roxanne Ellis, Plaintiff-Respondent,
v
JPMorgan Chase Bank National Association, et. al, Defendants-Respondents-Cross-Appellants, Jones Lang Lasalle Americas, Inc., et al., Defendants-Appellants-Cross- Respondents. Jones Lang Lasalle Americas, Inc., Third-Party Plaintiff-Appellant-Cross-Respondent,

Sobel Pevzner, LLC, Huntington (Judy R. Meisel of counsel), for Jones Lang Lasalle Americas, Inc., appellant-respondent.
Gallo Vitucci Klar LLP, New York (Jessica A. Clark of counsel), for ABM Industries, Inc, ABM Facility Services Company and ABM Janitorial Services-Northeast, Inc., appellants-respondents.
Stagg Wabnik Law Group, LLP, Garden City (Thomas E. Stagg of counsel), for JP Morgan Chase Bank, National Association, JP Morgan Chase & Co. and 383 Madison LLC, respondents-appellants.
Reingold & Tucker, Brooklyn (Jordan W. Tucker of counsel), for Roxanne Ellis, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (James M. Strauss of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 31, 2022, which, to the extent appealed from, denied the motion of defendant/third party plaintiff Jones Lang Lasalle Americas, Inc. (Jones Lang) for summary judgment dismissing the complaint and cross claims as against it, denied the motion of defendants ABM Industries, Inc., ABM Facility Services Company, and ABM Janitorial Services-Northeast, Inc. (collectively, ABM) for summary judgment dismissing the complaint and cross claims as against them, denied the renewed motion of defendants JPMorgan Chase Bank National Association and JPMorgan Chase & Co. (collectively, Chase) and 383 Madison LLC for summary judgment dismissing the complaint as against them, and granted the motion of third-party defendant Empire Office, Inc. to dismiss the third-party complaint, unanimously modified, on the law, to grant Jones Lang's and ABM's motions to the extent of dismissing the complaint as against them, and otherwise affirmed, without costs.
This personal injury action concerns an incident at a building owned by 383 Madison; Chase leased the entire building from 383 Madison, and Jones Lang managed the building. ABM was a subcontractor to Jones Lang, performing various janitorial services at the facility, including on the loading dock; Empire also contracted with Jones Lang to perform construction services in the building. Plaintiff alleges that while she was making a delivery at the building's loading dock, a Chase employee directed her to use the liftgate on the loading dock rather than the one on her truck. As result, plaintiff alleges, she was injured when she became pinned between the device on her truck and an accumulation of debris and other items left on the loading dock.
Jones Lang and ABM each established their entitlement to summary judgment dismissing the complaint as against them. As plaintiff acknowledged before the motion court, discovery revealed that there was insufficient evidence to support her claims against Jones Lang and ABM, and that they owed her no duty. Indeed, plaintiff takes no position on appeal with regard to those defendants.
However, Supreme Court properly declined to dismiss the cross claims against Jones Lang and ABM for common-law and contractual indemnification, as the record presents triable issues of fact concerning their negligence with respect to the material placed on the loading dock (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). There are also issues of fact as to Jones Lang's and ABM's potential liability to each other and to Chase and 383 Madison.
Furthermore, Jones Lang presented insufficient evidence to raise a triable issue of fact as to Empire's liability to it. The only testimony suggesting that Empire had some role in the placement of the material on the dock was vague and did not state when Empire supposedly put it on the loading dock, or, in fact, whether it was the same material as that involved in [*2]the accident.
Upon renewal of their motion for summary judgment, Chase and 383 Madison failed to present new facts that would change Supreme Court's prior denial of their motion (see Singh v QLR Five LLC, 171 AD3d 614, 614 [1st Dept 2019]), which this Court affirmed (see Ellis v JPMorgan Chase Bank, 190 AD3d 413 [1st Dept 2021]). The record presents triable issues of fact concerning whether plaintiff's conduct was the sole proximate cause of the accident and whether Chase was negligent in its maintenance of the loading dock. Moreover, Chase and 383 Madison failed to offer evidence that 383 Madison was an out-of-possession landlord.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023