Pena v Intergate Manhattan LLC (2025 NY Slip Op 00404)

Pena v Intergate Manhattan LLC

2025 NY Slip Op 00404

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 154441/17, 595531/17 Appeal No. 3576 Case No. 2023-03423 

[*1]Juan Pena, Plaintiff,
v
Intergate Manhattan LLC, et al., Defendants, American Industries Corp. of New York, Defendant-Respondent, Greg Beeche Logistics, LLC, Defendant-Appellant.

American Industries Corp. of New York, Third-Party Plaintiff-Respondent,
v
Greg Beeche Logistics LLC, Third-Party Defendant-Appellant. Index Nos.

Wood, Smith, Henning & Berman, LLP, New York (Kevin T. Fitzpatrick of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Michael J. Marone of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered June 8, 2023, which, to the extent appealed from as limited by the briefs, denied defendant/third-party defendant Greg Beeche Logistics LLC's (Beeche) motion to dismiss the third-party claims for contractual and common-law indemnification for failure to name a necessary party, unanimously affirmed, without costs.
Complete relief can be accorded between defendant/third-party plaintiff American Industries Corp. of New York (AIC) and Beeche without nonparty Jerome Aluminum and Glass (Jerome), plaintiff's employer, being named as a third-party defendant (see CPLR 1001[a]).
As to AIC's contractual indemnification claim against Beeche, the right to contractual indemnification depends upon the specific language of the contract (see e.g. Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]), and the indemnification agreement in the subcontract between AIC and Beeche does not require any showing of plaintiff's employer's negligence before Beeche's duty to indemnify AIC is triggered (cf. id. at 417-418).
As to the common-law indemnification claim against Beeche, AIC "must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that [Beeche] was guilty of some negligence that contributed to the causation of the accident for which [AIC] was held liable" to plaintiff (Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]; see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Here, not only is the negligence of anyone other than AIC and Beeche again irrelevant, but Jerome is protected from AIC's common-law indemnification claim by the Workers' Compensation Law's exclusivity provisions insofar as plaintiff was in the course of his employment with Jerome at the time of his accident and he did not suffer a grave injury (see Workers' Compensation Law §§ 11, 29 [6]; CPLR 1401).
We have considered Beeche's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025