**Ardizzone v Summit Glory LLC**

2025 NY Slip Op 30521(U)

February 13, 2025

Supreme Court, New York County

Docket Number: Index No. 157243/2017

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LYLE E. FRANK</u>

           *Justice*

| | |
|---|---|
| PART | 11M |

-------------------------------------------------------------------------------X

ANGELO ARDIZZONE, MARYBETH ARDIZZONE,

         Plaintiff,

- v -

SUMMIT GLORY LLC,FOSUN INTERNATIONAL LIMITED, AMERICON CONSTRUCTION INC.,TITAN INDUSTRIAL SERVICES CORP., EASTERN DESIGN TILE & MARBLE, INC.,KABACK ENTERPRISES, INC.,MASPETH WELDING, INC.,RIVCO CONSTRUCTION, LLC,

         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157243/2017 |
| MOTION DATE | 02/20/2024, 09/13/2024 |
| MOTION SEQ. NO. | 016 017 |

**DECISION + ORDER ON MOTION**

AMERICON CONSTRUCTION INC.

         Plaintiff,

-against-

ISLAND ARCHITECTURAL WOODWORK, INC.

         Defendant.

-------------------------------------------------------------------------------X

Third-Party
Index No. 595850/2021

The following e-filed documents, listed by NYSCEF document number (Motion 016) 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 540, 546, 556, 565, 573, 574, 575, 582, 592, 593, 594, 595, 596, 597, 598, 599, 640, 641

were read on this motion to/for              <u>JUDGMENT - SUMMARY</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 583, 584, 585, 586, 587, 588, 589, 600, 601, 602, 603, 604, 605, 606, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 632, 635, 636, 643, 644, 645, 646, 653, 654, 656, 657, 658, 659

were read on this motion to/for          <u>PARTIAL SUMMARY JUDGMENT</u> .

     This action arises out of injuries allegedly sustained by plaintiff Angelo Ardizzone, at a construction site. Plaintiff Marybeth Ardizzone has asserted derivative claims. Defendant, Summit Glory LLC ("Summit") now moves for summary judgment, motion sequence 16, dismissing plaintiff's claims pursuant to Labor Law §§ 200, 240 (1), common law negligence

**157243/2017 Motion No. 016 017**                                 **Page 1 of 6**

[* 1]

and any counterclaims and crossclaims against it.  Further, Summit seeks summary judgment on its claims for common law indemnification against defendant/third-party plaintiff American Construction Inc. ("Americon").  Plaintiff does not oppose the motion; Americon opposes the portion of the motion that seeks common law indemnification.

Plaintiffs move for partial summary judgment, motion sequence 17, on its Labor Law § 241(6) claims against defendants Summit and Americon and on its Labor Law § 200 claims against Americon and Kaback Enterprises Inc. Summit, Americon and Kaback oppose plaintiffs' motion, and Summit opposes and cross-moves for sanctions.

**Background**

This action arises from plaintiff's accident that occurred on June 9, 2016.  At the time of the accident, defendant, Summit, owned 28 Liberty Street, New York, New York, the location of the subject accident. Summit retained non-party, CBRE, Inc., to be its exclusive property manager. Defendant, Fosun International Limited, owned Summit. Non-party tenant, Jones Lang Lasalle Americas, Inc., entered into a contract with defendant/third-party plaintiff, Americon, the general contractor, to provide construction services in the tenant's leased space.

Plaintiff was employed by non-party Allran Electric of NY LLC, a subcontractor hired by Americon to perform electrical work. At the time of the accident plaintiff completed installing a light fixture when he was coming down the ladder, his right foot slipped on debris, and his knee gave out. Plaintiff testified that the debris pile he stepped on consisted of sawdust, metal debris from ductwork, some steamfitter pieces of pipe and some pieces of M.C. cable. Plaintiff testified that there was no debris on the floor when he ascended the ladder. Further, plaintiff testified he does not know how the debris he slipped on got on the floor or how long the debris was on the floor prior to his slipping on it.

## <u>Summary Judgment Standard</u>

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Labor Law § 200 and Common Law Negligence*

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]. The First Department has held that liability pursuant to Labor Law § 200 only attaches where the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition"(*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012] internal citations omitted).

*Labor Law § 240(1)*

[* 3]

Labor Law § 240 provides protection for workers against the special hazards that arise when the worksite either is itself elevated or is positioned below the level where "materials or load are hoisted or secured." The "special hazards" do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the special hazards are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or in adequately secured. (*Ross v Curtis-Palmer Hydroelectric Co.*, 81 NY2d 494 [1983]).

It is well established law that "an accident alone does not establish a Labor Law § 240(1) violation or causation." (*Blake v Neighborhood Hous. Servs. of NY City, Inc.*, 1 NY3d 280, 289 [2003]). Rather, plaintiff must show that a safety mechanism failed in order to establish liability pursuant to Section 240(1). *See id*.

**Discussion**

Preliminarily as to plaintiffs' motion for partial summary judgment the Court finds that it is untimely, and plaintiffs have not established good cause for its delay in filing. As to plaintiffs' contentions that it may file an untimely cross-motion because it is based on the identical or nearly identical grounds as other movants, that argument is unpersuasive. First, plaintiff did not file a cross-motion rather it filed its own motion against one party that has not moved, Americon. Second, although Summit did move to dismiss some of plaintiff's claims, it did not affirmatively seek relief regarding plaintiffs' Labor Law § 241(6) claims. Accordingly, the Court does not reach the merits of plaintiffs' motion and its motion for partial summary judgment is denied in its entirety.

As to Summit's cross-motion that seeks sanctions against plaintiffs for the untimely summary judgment filing, the cross-motion is denied. The Court does not find that plaintiffs

**157243/2017 Motion No. 016 017**                                                                 **Page 4 of 6**

conduct, filing an untimely motion, is so egregious that sanctions are warranted. Accordingly, the cross-motion for sanctions is denied.

In support of its motion Summit relies on the deposition of non-party CBRE, its project manager, contending that it did not direct or control the means and methods of the plaintiff's electrical work with subcontractor, Allran nor did not have constructive notice of the debris on the floor. Summit also avers that the admissible evidence establishes that Americon had laborers there were responsible for removing debris from the job site.

As to the Labor Law § 200 and common law negligence claims, Summit has established entitlement to judgment as a matter of law. Here, it is clear and undisputed that the condition that caused plaintiff's accident was not a defective condition on the premises that was caused or created by defendant Summit, rather it was its was a condition created as a result of work being done at the premises, that Summit neither controlled nor supervised (*see Cappabianca* at 145). Consequently, any crossclaims and counterclaims asserted against Summit for negligence cannot survive and are dismissed.

The Court finds that Summit did establish as a matter of law that it neither controlled the means and methods of the injury producing work, nor caused or created the condition, thus liability cannot attach pursuant to either common law negligence or Labor Law § 200.

As to the Labor Law § 240(1) claims, Summit's motion is unopposed. Summit has established that plaintiff's accident does not fall within the ambit of Labor Law § 240(1).

Summit has failed to meet its burden with respect to its common law indemnification claims as against Americon. While it is established that Summit was not negligent, Summit must establish that Americon was either negligent or exercised actual supervision or control over the injury producing work. *Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]. Here, there

[* 5]

is a question regarding whether Americon was negligent, and Summit has not established that Americon had actual control of the injury producing work. Accordingly, it is hereby

ADJUDGED that the portion of the motion seeking common law indemnification from defendant Americon is denied; and it is further

ORDERED that plaintiffs' Labor Law §§ 200, 240(1) and common law negligence claims are dismissed in its entirety as against defendant Summit Glory LLC; and it is further

ORDERED that all cross-claims and counterclaims are dismissed as against defendant Summit Glory LLC.

20250213160106LFRANK9C42C08FF4B14C28A910DAB80E8B6BB2

| 2/13/2025 | | LYLE E. FRANK, J.S.C. |
|-----------|---|----------------------|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|------------------------|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 6]